UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
DENNIS H. WENDELL,
                Plaintiff,

**MEMORANDUM AND ORDER**

- against -

04-CV-2889 (DRH) (ETB)

NEW YORK STATE,

                Defendant.
------------------------------------X

**A P P E A R A N C E S :**

**DENNIS H. WENDELL,**
Plaintiff Pro Se
338 W. Merrick Road
Freeport, New York 11520

**ELIOT SPITZER**
**ATTORNEY GENERAL OF THE STATE OF NEW YORK**
Attorney for Defendant State of New York
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
By: Anne C. Leahy, Assistant Attorney General

**HURLEY, District Judge:**

*INTRODUCTION*

Plaintiff Dennis H. Wendell ("Plaintiff") has brought a claim for injunctive relief against the State of New York. Presently before the Court is New York State's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the reasons discussed below, the motion is GRANTED and the Complaint is dismissed without prejudice. Plaintiff is granted thirty days to file and serve an Amended Complaint should he elect to do so.

## BACKGROUND

Plaintiff alleges that he is "an independent fugitive recovery agen[t] who should be able to cross from one state to another, without interference from state compendium laws." (Compl. ¶ 1.) More specifically, he alleges that many states passed legislation in reaction to the 1997 murder of a Phoenix couple by five intruders "masquerading as bounty hunters." (*Id.* at 3-4.) He further alleges that "prior to that incident, there wasn't a problem in capturing fugitives and the states allowed the bounty hunter to exercise his right to apprehend the individual. When state governments began to pass 'knee-jerk' laws in response to this unfortunate story, it begins to undermine the bounty hunter." (*Id.* at 5.) Therefore, Plaintiff alleges, "the Compendium of State Bounty Hunter Laws would be unconstitutional." (*Id.*) Finally, he claims that "[t]he full array of rights as a bounty hunter or recovery agent" is set forth in *Taylor v. Taintor*, 83 U.S. 366 (1873), (*id.* at 2), and that the "Compendium of State Bounty Hunter Laws" are in violation of this case. The only relief he seeks is a permanent injunction "remov[ing] state restriction on bounty hunter[s'] power." (*Id.* ¶ 5.)

Other than citing to "the Compendium of State Bounty Hunter Laws," Plaintiff does not identify which laws are being challenged. Attached to his Complaint are various print-outs, including "The Evolution of Bail," "The Law Governing Fugitive Recovery," "Compendium of State Bounty Hunter Laws,"and "Legal Aspects of Bail Enforcement." In fact, most of his Complaint is taken verbatim from several of these attachments.

## DISCUSSION

### I. *Motion to Dismiss: Legal Standards*

In considering a motion to dismiss for failure to state a claim pursuant to Rule

12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts entitling him to relief in support of his claim. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003).

Additionally, this court must construe pro se complaints like Plaintiff's liberally, applying a more flexible standard to evaluate their sufficiency than the standard used to review complaints submitted by attorneys. *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 (2d Cir. 2000); *see also Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005) ("[A]s low as the requirements are for a complaint drafted by competent counsel, we hold *pro se* complaints to an even lower standard.").

## II. *The Complaint Fails to Provide Defendant With Any Notice of Plaintiff's Claims*

As noted above, Plaintiff fails to identify *any* law that he is claiming is unconstitutional. Instead, he advances a general attack on the unconstitutionality of the laws of every state concerning bounty hunters. Even under the liberal pleading standards applicable to pro se litigants, Plaintiff's vague allegations are clearly insufficient to put defendant on notice of what his claims are. Under these circumstances, the Court finds that dismissal is warranted. Plaintiff is given thirty days to file and serve an amended complaint. Any such amendment shall clearly identify which law(s) he is claiming are unconstitutional and why.

3

Moreover, Plaintiff's claims are barred by the Eleventh Amendment. The Eleventh Amendment bars claims against a State in federal court by its own citizens, unless the State has consented to the suit or Congress has overridden the State's immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). This bar applies regardless of the type of relief sought. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*). This immunity is not absolute, however, as the Eleventh Amendment does not bar suits against state officials in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 287 (2d Cir. 2003) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)); *see also In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372 (2d Cir. 2005) ("Whether a litigant's claim falls under the *Ex parte Young* exception to the Eleventh Amendment's bar against suing a state is a 'straightforward inquiry' that asks 'whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'") (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

In *Ex parte Young*, the Supreme Court held that a plaintiff seeking prospective relief from a state must name as a defendant a state official rather than a state or a state agency. *See Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 104-05 (1984). This is true "even though in reality the suit is against the state and any funds required to be expended by an award of prospective relief will come from the state's treasury." *Santiago v. New York State Dep't of Correctional Servs.*, 945 F.2d 25, 32 (2nd Cir. 1991) (citing *Pennhurst*, 465 U.S. at 104-05); *see also Burnette v. Carothers*, 192 F.3d 52, 57 n.3 (2d Cir. 1999) ("[T]he Eleventh Amendment does not bar suits seeking prospective relief against state officials acting in violation

of federal law because such action is not considered an action of the state.").

Here, Plaintiff's Complaint is asserted against New York State only. Because the State is immune from suit under the Eleventh Amendment, the Complaint must be dismissed. Any amendment to the Complaint shall be asserted against a proper defendant.

## *CONCLUSION*

For all of the reasons stated above, the motion by New York State to dismiss the Complaint is granted. Plaintiff may file an amended complaint within thirty days of the date of this Order. Failure to address the pleading concerns enunciated in this Order may result in dismissal of those claims with prejudice.

Finally, the Court notes that there have been numerous submissions by Plaintiff in this case. For example, although the Court issued an Order on September 26, 2005 directing Plaintiff to serve and file "ONE" brief in opposition to Defendant's motion to dismiss, Plaintiff thereafter filed numerous submissions, none of which appeared to be opposition papers to the motion. By Order dated November 14, 2005, the Court granted Plaintiff's request for an extension of time to serve "ONE" brief in opposition to Defendant's motion. Again, Plaintiff filed multiple submissions. Most, if not all, of Plaintiff's filings are incoherent and unintelligible. To the extent Plaintiff's submissions seek affirmative relief, the Court declines to take any action thereon.

**SO ORDERED.**

Dated: Central Islip, New York
      May 5, 2006 /s_____
                                                          Denis R. Hurley
                                                          United States District Judge