```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DENNIS H. WENDELL,
                         Plaintiff,
                                                    MEMORANDUM AND ORDER
         - against -                                04-CV-2889 (DRH) (ETB)

NEW YORK STATE INSURANCE
DEPARTMENT and SUPERINTENDENT
HOWARD MILLS,
                         Defendants.
----------------------------------X
```

**A P P E A R A N C E S :**

**DENNIS H. WENDELL,**
Plaintiff Pro Se
338 W. Merrick Road
Freeport, New York 11520

**ANDREW M. CUOMO**
**ATTORNEY GENERAL OF THE STATE OF NEW YORK**
Attorney for Defendant State of New York
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
By: Anne C. Leahy, Assistant Attorney General

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Dennis H. Wendell ("Plaintiff"), acting pro se, has filed an Amended Complaint against defendants New York State Insurance Department and Superintendent Howard Mills (collectively, "Defendants"). Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6). For the reasons discussed below, the motion is GRANTED and the Amended Complaint is dismissed without prejudice. Plaintiff is granted thirty days to file and serve a Second Amended Complaint should he elect to do so consistent with this decision.

## BACKGROUND

*The Original Complaint*

Plaintiff filed this action against the State of New York on July 12, 2004, alleging that he was "an independent fugitive recovery agen[t] who should be able to cross from one state to another, without interference from state compendium laws." (Compl. ¶ 1.) He further alleged that "the Compendium of State Bounty Hunter Laws w[ere] unconstitutional" and sought injunctive relief "remov[ing] state restriction on bounty hunter[s'] power." (*Id.* ¶ 5.) Attached to his Complaint were copies of various articles, including "The Evolution of Bail," "The Law Governing Fugitive Recovery," "Compendium of State Bounty Hunter Laws," and "Legal Aspects of Bail Enforcement." The majority of his Complaint was taken verbatim from several of these attachments.

*The Original Complaint is Dismissed*

By Memorandum and Order dated May 5, 2006, the Court dismissed the Complaint, finding that Plaintiff failed to identify *any* law that he was claiming was unconstitutional. (May 5, 2006 Memorandum and Order at 3.) Instead, Plaintiff advanced a general attack on the unconstitutionality of the laws of every state concerning bounty hunters. (*Id.*) The Court also found that Plaintiff's claims against the State of New York were barred by the Eleventh Amendment. (*Id.* at 4.) The Court noted, however, that this immunity was not absolute as the Eleventh Amendment did not bar suits against state officials in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law. (*Id.* (citing, inter alia, *Ex parte Young*, 209 U.S. 123, 155-56 (1908).)

Plaintiff was given thirty days to file and serve an amended complaint. The Court

instructed that any such amendment shall clearly identify which law(s) Plaintiff was claiming as unconstitutional and why. The Court further directed that any amendment to the Complaint must be asserted against a proper defendant.

Finally, the Court noted as follows:

> [T]here have been numerous submissions by Plaintiff in this case. For example, although the Court issued an Order on September 26, 2005 directing Plaintiff to serve and file "ONE" brief in opposition to Defendant's motion to dismiss, Plaintiff thereafter filed numerous submissions, none of which appeared to be opposition papers to the motion. By Order dated November 14, 2005, the Court granted Plaintiff's request for an extension of time to serve "ONE" brief in opposition to Defendant's motion. Again, Plaintiff filed multiple submissions. Most, if not all, of Plaintiff's filings are incoherent and unintelligible. To the extent Plaintiff's submissions seek affirmative relief, the Court declines to take any action thereon.

(May 5, 2006 Memorandum and Order at 5.)

*The Amended Complaint*

On June 5, 2006, Plaintiff filed an Amended Complaint against the New York State Insurance Department and Superintendent Howard Mills, alleging that "[t]his action is brought for discrimination in issuance [of] an insurance license to the Plaintiff by the Defendants, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e to 2000e-17." (Am. Compl. at 1.) More specifically, he alleges that "[t]he discriminatory conduct of which [he] complains . . . is [the] refusal of [Defendants] to issue an insurance license or to insure Plaintiff's Bail Bonds business in order for the last one to operate in accordance with New York State Insurance Law." (*Id.* at 2.) He claims that on or about June 5, 2004, Defendants refused him such a license due to his "race and color." (*Id.*) He further alleges that on or about August 8, 2005, Defendants "discriminated against [him] based on [his] race and

3

color." (*Id.*) Because of the foregoing discrimination, Plaintiff alleges he "was and still is unable to conduct his business as a[] Bail Bond's man." (*Id.*) Annexed to his Amended Complaint are a myriad of articles and statutes, most of which pertain generally to the legal aspects of bail enforcement and a bondsman's right to arrest.

Plaintiff alleges that jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 1343 and that "[j]urisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3)." (*Id.* at 1.)

*The Present Motion*

On June 8, 2006, Defendants requested permission to move to dismiss the Amended Complaint and Plaintiff responded by seeking an "ex parte application for leave" to serve and file a Second Amended Complaint. By Order dated June 22, 2006, the Court set a briefing schedule on Defendants' motion to dismiss and denied Plaintiff's ex parte application. The Court advised Plaintiff that all correspondence to the Court must be served on all parties to the action and noted that to the extent Plaintiff sought leave to file a further amended complaint, he should incorporate such request in his opposition to Defendants' motion. The Court's briefing schedule expressly provided for any such application by Plaintiff.

Thereafter, Plaintiff filed an endless parade of papers, most of which are unintelligible, including a Second Amended Complaint. By Order dated August 30, 2006, the Court ruled that Plaintiff's new pleading would not be accepted for filing and, instead, would be reviewed by the Court in conjunction with Defendants' motion to dismiss and Plaintiff's concomitant motion for leave to amend. While the proposed Second Amended Complaint lists various amendments to the Constitution which were allegedly violated, it provides no factual

4

allegations whatsoever. In this regard, it provides far less specificity than the Amended Complaint currently under review.

On September 7, 2006, Defendants filed their motion to dismiss. Since that date, the Court has received an endless barrage of submissions from Plaintiff, all of which are redundant and incoherent.

*DISCUSSION*

**I.** *Motion to Dismiss: Legal Standards*

A plaintiff's claims can be dismissed for failure to state a claim only if a court finds that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court emphasized that at the pleading stage, a plaintiff need only meet the standard set forth in Federal Rule of Civil Procedure 8(a), which requires only a "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *See id.* at 512 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" set forth therein. *Id.* at 514 (citation and internal quotation marks omitted); *see also Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) ("'*All* complaints must be read liberally; dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory.") (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005)); *Leibowitz v. Cornell Univ.,* 445 F.3d 586, 591 (2d Cir. 2006) ("[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests.").

This is not to say, however, that a plaintiff bears no pleading burden. Rather "[a] plaintiff must allege, as the Supreme Court has held, those facts *necessary* to a finding of liability." *Amron*, 464 F.3d at 343 (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005)).

Additionally, this court must construe pro se complaints like Plaintiff's liberally, applying a more flexible standard to evaluate their sufficiency than the standard used to review complaints submitted by attorneys. *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 (2d Cir. 2000); *see also Phillips*, 408 F.3d at 127-28 ("[A]s low as the requirements are for a complaint drafted by competent counsel, we hold *pro se* complaints to an even lower standard.").

## II. *The Amended Complaint is Dismissed*

Defendants move to dismiss the Amended Complaint on the following grounds: (1) Plaintiff's Title VII claims are time-barred; (2) Plaintiff's Title VII claims fail to state a claim; and (3) Plaintiff failed to serve Defendants with the Amended Complaint. The Court addresses Defendants' contentions below.

### A. *Plaintiff's Claims Under Title VII are Time-Barred*

In order to file an action in federal court alleging discrimination under Title VII, a plaintiff must first file a charge with the EEOC within 300 days after the allegedly discriminatory act occurred. *See* 42 U.S.C. § 2000e-5(e); *see also Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 76 (2d Cir. 2003). "'This statutory requirement is analogous to a statute of limitations.'" *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

Here, Plaintiff has failed to allege that he filed a charge with the EEOC within

6

300 days of the alleged discrimination, viz. June 5, 2004 and/or August 8, 2005. He has also failed to attach a right to sue letter from the EEOC to his pleading or to any of his myriad submissions. Moreover, Plaintiff does not argue, and there are no facts to suggest, that the limitations period should be equitably tolled. *See Zerilli-Edelglass*, 333 F.3d at 80 (noting that equitable tolling is only available in rare and exceptional circumstances). Accordingly, the Court finds that Plaintiff's Title VII claims are time-barred.[1]

### B. *Plaintiff Failed to Serve Either Defendant*

Defendants contend that the Amended Complaint should be dismissed because Plaintiff failed to properly serve them. The Court agrees.

#### 1. *Failure to Serve Superintendent Howard Mills in his Individual Capacity*

Rule 4(e) states in pertinent part that:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

---

[1] Because the Court has found that Plaintiff's Title VII claims are barred by the governing statute of limitations, the Court need not, and does not, address Defendants' other contention that these claims fail because Plaintiff did not allege any employment relationship between the parties.

Fed. R. Civ. P. 4(e). Under New York law, service on an individual may be effected by personal service or through various other methods set forth in N.Y. C.P.L.R. 308. Here, according to Defendants, the Office of the Attorney General received a copy of the Amended Complaint by mail on June 6, 2006. Beyond that, there is no indication anywhere in the Court file that Plaintiff has served Superintendent Mills in accordance with either state or federal law. Accordingly, the Court finds that Plaintiff has failed to properly effectuate service on Superintendent Mills in his individual capacity.

### 2. *Failure to Serve Superintendent Mills in his Official Capacity or the New York State Insurance Department*

Rule 4(j)(2) provides in pertinent part that service upon a State or state agency

> shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2). New York law provides that "[p]ersonal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state." N.Y. C.P.L.R. 307(1). This general rule is qualified by C.P.L.R. 307(2), which provides that:

> Personal service on a state officer sued solely in an official capacity or state agency, which shall be required to obtain personal jurisdiction over such an officer or agency, shall be made by 1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. Service by certified mail shall not be complete until the summons is received in a principal office of the agency and until personal service upon the state in the manner provided by

8

> subdivision one of this section is completed. For purposes of this subdivision, the term "principal office of the agency" shall mean the location at which the office of the chief executive officer of the agency is generally located. Service by certified mail shall not be effective unless the front of the envelope bears the legend "URGENT LEGAL MAIL" in capital letters. The chief executive officer of every such agency shall designate at least one person, in addition to himself or herself, to accept personal service on behalf of the agency. For purposes of this subdivision the term state agency shall be deemed to refer to any agency, board, bureau, commission, division, tribunal or other entity which constitutes the state for purposes of service under subdivision one of this section.

*Id.* 307(2). Thus, pursuant to C.P.L.R. 307(2), service on the Attorney General is insufficient to confer personal jurisdiction over the State in a case against one of its agencies or officers in an official capacity. *See, e.g.*, *Arons v. State of N.Y.*, No. 04 Civ. 0004, 2004 WL 1124669, at *3 (S.D.N.Y. May 20, 2004). Here, Plaintiff's mailing of a copy of the Amended Complaint to the Office of the Attorney General would not even constitute proper service on the State under C.P.L.R. 307(1) as the pleading was not personally delivered, much less service on Superintendent Mills or The New York State Insurance Department under subdivision (2). Accordingly, the Court finds that Plaintiff has failed to properly serve Superintendent Mills in his official capacity or the New York State Insurance Department.

### 3. The Court's Conclusion Regarding Plaintiff's Failure to Serve Defendants

Defendants argue that the instant action should be dismissed based upon Plaintiff's failure to properly effectuate service. Given that the principal purpose of the service requirement is to assure that a party receives actual notice of the allegations asserted against it, *see Hanna v. Plumer*, 380 U.S. 460, 462 n.1 (1965), and the fact that Defendants here clearly received notice of the allegations in the Amended Complaint, an argument could be made that

dismissing Plaintiff's case on this ground lacks equitable appeal. On the other hand, over one year after filing his Amended Complaint, and just under one year after Defendants first raised this issue in their motion to dismiss, Plaintiff has apparently taken no steps to remedy this error. Although Plaintiff is entitled to some leniency due to his pro se status, he is still responsible for complying with the federal rules regarding service.

In addition, although the Amended Complaint is a rambling hodgepodge of fact statements mixed with conclusions of fact and law, it does contain a bare allegation that Defendants intentionally denied him a license to conduct his business because of his race. Plaintiff even claims that "[j]urisdiction may . . . be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3)." (Am. Compl. at 1.) Defendants do not address these allegations.

Although Plaintiff does not fully elaborate the basis of his claims, liberally construed, they are sufficient to maintain an equal protection claim against Superintendent Mills[2] under the Fourteenth Amendment. *See Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) ("The equal protection clause directs state actors to treat similarly situated people alike. To prove an equal protection violation, [a plaintiff] must prove purposeful discrimination directed at an identifiable or suspect class."). Given the fact that Plaintiff's Amended Complaint passes muster under Rule 12(b)(6), the Court will dismiss Plaintiff's pleading without prejudice so that he may be given an opportunity to pursue this claim under 42 U.S.C. § 1983 and to properly effectuate service.

    **C.**     *Plaintiff's Claims Against the New York State Insurance Department are Dismissed Under the Eleventh Amendment*

---

[2] *See* discussion *infra* regarding the dismissal of Plaintiff's claims against the New York State Insurance Department.

As noted above, in its May 5, 2006 Memorandum and Order, the Court found that Plaintiff's claims against New York State were barred under the Eleventh Amendment. Although not raised by Defendants, Plaintiff's newly asserted claims against the New York State Insurance Department are barred for the same reason. In *Ex parte Young*, the Supreme Court held that a plaintiff seeking prospective relief from a state must name as a defendant a state *official* rather than a state or a state agency. *See Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 104-05 (1984). Accordingly, Plaintiff's claims against the New York State Insurance Department under the Fourteenth Amendment "must be dismissed because it does not follow the requirement, established in *Ex Parte Young*, that a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly." *Santiago v. New York State Dep't of Correctional Servs.*, 945 F.2d 25, 32 (2nd Cir. 1991).

## *CONCLUSION*

For all of the reasons stated above, Defendants' motion to dismiss the Amended Complaint is granted. Plaintiff's Title VII claims and his claims against the New York State Insurance Department are dismissed **with prejudice**. Plaintiff's equal protection claims against Superintendent Mills are dismissed **without prejudice**. Plaintiff may file **ONE** Second Amended Complaint against Superintendent Mills **ONLY** within thirty days of the date of this Order. Any amendment shall be confined to the specific facts of Plaintiff's claims and shall be limited to Plaintiff's cause of action under 42 U.S.C. § 1983 and the equal protection clause of the Fourteenth Amendment arising out of defendant's alleged refusal to issue him a license based on his race and shall specifically indicate what Plaintiff's race is. In this regard, Plaintiff is

11

advised that his proclivity to annex lengthy attachments to his pleadings, which are both unnecessary and irrelevant to the issues at hand, serve no purpose other than to distract from his real claims and should not be included in any further pleading.  **FAILURE TO ADDRESS THE PLEADING CONCERNS ENUNCIATED IN THIS ORDER OR TO PROPERLY EFFECT SERVICE OF PROCESS ON DEFENDANT MAY RESULT IN DISMISSAL OF THOSE CLAIMS WITH PREJUDICE.**

     SO ORDERED.

Dated:   Central Islip, New York
         August 23, 2007                     /s
                                                Denis R. Hurley
                                                United States District Judge