UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DENNIS H. WENDELL,

                     Plaintiff,

         - against -

HOWARD MILLS, SUPERINTENDENT,

                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**<u>MEMORANDUM AND ORDER</u>**

04-CV-2889 (DRH) (ETB)

**A P P E A R A N C E S :**

**DENNIS H. WENDELL,**
Plaintiff Pro Se
338 W. Merrick Road
Freeport, New York 11520

**ANDREW M. CUOMO**
**ATTORNEY GENERAL OF THE STATE OF NEW YORK**
Attorney for Defendant State of New York
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
By: Anne C. Leahy, Assistant Attorney General

**HURLEY, Senior District Judge:**

### *INTRODUCTION*

By letter dated November 21, 2007, Plaintiff Dennis H. Wendell ("Plaintiff"),

acting pro se, requests a change in venue to the United States District Court for the Northern

District of New York. In response, defendant Superintendent Howard Mills ("Defendant") states

that "it appears that Plaintiff may be correct in his assertion that the current venue is wrong."

(Defendant's Dec. 10, 2007 Letter at 2.) For the reasons stated below, Plaintiff's application is

granted.

### *DISCUSSION*

Plaintiff's amended complaint alleges that on June 5, 2004, Defendant

intentionally denied him a license to conduct his bail bonds business because of his race in violation of, inter alia, his Fourteenth Amendment equal protection rights. The amended complaint lists Defendant's principal place of business as One Commerce Plaza, Albany, New York. (Am. Compl. at 1.) In addition, Defendant's November 21, 2007 letter explains the nature of his suit as follows: "[Plaintiff] took his grievance to One Commerce Plaza Albany, New York," his license was denied and there was an "ethnic slur." (Pl.'s Nov. 21, 2007 Letter at ¶ 2.)

> A civil action founded on federal question jurisdiction may be brought only in:
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Here, the Court finds that because none of the conditions set forth in section 1391(b) are satisfied, there is no basis for venue of this action in the Eastern District of New York. First, it is clear that Defendant is being sued "for acts, of omission and commission while functioning as agent[] of the State of New York, and thus will be deemed to reside, for venue purposes, in the district in which [he] performed [his] official duties." *Kinlaw v. Pataki*, No. 07-CV-574, 2007 WL 4166029, at *1 (S.D.N.Y. Nov. 16, 2007) (citations and internal quotation marks omitted). As noted above, Defendant performed his official duties in Albany, which is located in the Northern District of New York. Thus, for venue purposes, Defendant is deemed to reside in the Northern District of New York.

Second, venue in this district cannot be premised upon the ground that "a

substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District. 28 U.S.C. § 1391(b). A review of Plaintiff's amended complaint and most recently letter indicate that his claims arise out of actions taken by Defendant in Albany in June 2004. Accordingly, venue in this district is improper.

28 U.S.C. § 1406(a) permits a court to transfer a case commenced in an improper venue to the district in which it could have been brought if such is "in the interest of justice." Inasmuch as the Defendant is located in the Northern District of New York and the events which give rise to Plaintiff's claims occurred in the Northern District, the Court hereby transfers this action to the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

## *CONCLUSION*

It is hereby Ordered that this action is transferred to the United States District Court for the Northern District of New York.

**SO ORDERED.**

Dated:   Central Islip, New York
      December 19, 2007                    /s_____
                                         Denis R. Hurley
                                         United States District Judge